UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HENRY BENITEZ,

                                                Plaintiff,

                                                9:03-CV-0973
              v.                                               (LEK) (RFT)

L. DUQUETTE, CO, Clinton Correctional Facility; N. LAROCK,
CO, Clinton Correctional Facility; D. ARTUS, Dep. Supt.,
Clinton Correctional Facility; T. EAGEN, Dir., Central DOCS
Office Review Committee; J. TYLER, CO, Clinton Correctional
Facility; COLLEDGE, CO, Clinton Correctional Facility; *et al.*,

                                               Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

HENRY BENITEZ
Plaintiff, *pro se*

OFFICE OF THE ATTORNEY GENERAL        GERALD J. ROCK, ESQ.
State of New York                                   Assistant Attorney General
Attorneys for the Defendants

LAWRENCE E. KAHN, DISTRICT JUDGE

**MEMORANDUM-DECISION and ORDER**

**I.     Introduction**

     *Pro se* plaintiff Henry Benitez commenced this § 1983 action in August 2003 seeking to recover damages for the alleged violation of his constitutional rights. Plaintiff's third amended Complaint names more than forty individual defendants and asserts claims arising out of his confinement at Clinton Correctional Facility and Upstate Correctional Facility. Dkt. No. 119.

     Presently before this Court is a Motion from Plaintiff seeking preliminary injunctive relief. Dkt. No. 120. Plaintiff claims that Defendants have denied him supplies of writing paper and carbon paper sufficient to enable him to prosecute his pending civil actions. Dkt. No. 120-

1.[1] Also before this Court are Plaintiff's objections to and appeals from two orders issued by Magistrate Judge Randolph F. Treece. Dkt. Nos. 126, 138.

## II.     Motion for injunctive Relief

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." Patton v. Dole, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, the party seeking the injunction must show a threat of irreparable injury if the injunction is not granted and either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party. See Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). Where, however, a movant seeks relief which will alter, rather than maintain, the status quo, the movant must meet a higher burden: a "clear" or "substantial" showing of the likelihood of success, as well as irreparable harm should the injunction not be granted. See id. at 473-74.

Plaintiff alleges that he has been denied supplies of legals pads and carbon paper sufficient to permit him to prosecute his pending actions. Specifically, Plaintiff claims that in February 2006, he was not able to timely submit a motion to compel discovery in this action because he lacked sufficient writing supplies. Dkt. No. 120-1 at ¶ 10. Plaintiff also claims that he was not able to file various other motions in this action and in Benitez v. Mailloux, No. 9:05-CV-1160 (NAM/RFT). Id. at ¶ 15.[2]

---

[1] Plaintiff has three other § 1983 actions pending in the Northern District. Benitez v. Locastro, 9:04-CV-0423 (NAM/RFT); *Benitez v. Ham*, 9:04-CV-1159 (NAM/GHL); Benitez v. Mailloux, 9:05-CV-1160 (NAM/RFT). Benitez has also filed a habeas corpus petition in the Northern District, Benitez v. Woods, 9:06-CV-0526 (LEK/GHL), and has a § 1983 action pending in the Southern District. Benitez v. Straley, 01-CV-0181. See Dkt. No. 120-1 at 4.

[2] There are approximately seventy individual defendants in that case.

2

In opposition to Plaintiff's motion, Defendants submitted the affidavit of G. Soucia, a corrections officer at Upstate Correctional Facility. Dkt. No. 128-2. According to Officer Soucia, in the two month period preceding Plaintiff's Motion for injunctive relief, he received at least twenty-one pads of writing paper, containing 50 sheets of paper each. Officer Soucia further stated that Plaintiff received a regular weekly allotment of writing supplies and also received additional supplies based upon demonstrated need. Defendants acknowledge that in July, 2006, Plaintiff's ability to obtain extra supplies was curtailed for a period of at least two weeks because he had been discovered to have over twenty legal pads and a significant quantity of carbon paper in his cell. Dkt. No. 128-2 (Soucia Aff. at ¶¶ 5-7); Dkt. No. 128-3 (7/21/06 e-mail from Botta).

Upon review of the record in this action, the Court finds that Plaintiff has failed to demonstrate that he is likely to suffer irreparable harm if the requested injunctive relief is not granted. "The mere possibility of harm is not sufficient: the harm must be imminent and the movant must show he is likely to suffer irreparable harm if equitable relief is denied." Brown v. Middaugh, 1998 WL 566791, *1 (N.D.N.Y. Sept. 3, 1998) (Munson, D.J.) (citations omitted). "Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages." Roucchio v. LeFevre, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.). Moreover, an inmate alleging a denial of access to the courts must show actual injury caused by deficient access to the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996).

In this case, Plaintiff has not identified any legal action in which he claims to have suffered any actual harm. To date, Plaintiff has effectively litigated this action. Since the filing

his motion for injunctive relief, Plaintiff has filed appeals of two Orders issued by the Magistrate Judge, as well as two Motions for sanctions against Defendants.  See Dkt. Nos. 126, 127, 133, 138.[3]  Plaintiff has also prepared more than seventy copies of his complaint in Benitez v. Mailloux, 9:05-CV-1160, for service on Defendants.

The Court also finds that Plaintiff has not made the required showing of a probability of success on the merits or sufficiently serious questions going to the merits of the underlying claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff has failed to establish either of the elements required for the issuance of an injunction and his motion is denied.

### III.   Appeals from Orders of the Magistrate Judge

By Order filed September 19, 2006, United States Magistrate Judge Randolph F. Treece granted Defendants a brief extension of time in which to respond to Plaintiff's Motion for injunctive relief.  Dkt. No. 124.  Plaintiff has appealed from that Order.  Plaintiff also objects to and appeals from Magistrate Judge Treece's Order filed March 19, 2007, denying Plaintiff's Motions for sanctions and granting in part and denying in part Plaintiff's Motion for a protective order.  Dkt. No. 138.

A magistrate judge may issue orders regarding nondispositive pretrial matters, and the district court reviews such orders under the "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d

---

[3] These submissions total more than 35 pages in length and make no mention of plaintiff's claimed lack of writing supplies.

522, 525 (2d Cir. 1990).

Upon review of the record, the Court finds that Magistrate Judge Treece properly exercised his discretion and that the Orders appealed from are not clearly erroneous or contrary to law.

## CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for preliminary injunctive relief (Dkt. No. 120) is **DENIED**, and it is further

**ORDERED**, that the Order of U.S. Magistrate Judge Randolph F. Treece filed September 19, 2006 (Dkt. No. 124) is **AFFIRMED**, and it is further

**ORDERED**, that the appeal (Dkt. No. 126) is **DENIED**, and it is further

**ORDERED**, that the Order of U.S. Magistrate Judge Randolph F. Treece filed March 19, 2007 (Dkt. No. 137) is **AFFIRMED**, and it is further

**ORDERED**, that the appeal (Dkt. No. 138) is **DENIED**, and, it is further

**ORDERED**, that the dispositive motion filing deadline in this action is reset to **September 30, 2007**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:   June 06, 2007
         Albany, New York

Lawrence E. Kahn
U.S. District Judge