UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
HENRY BENITEZ,

                              Plaintiff,

                                                           9:03-CV-0973
         v.                                               (LEK/RFT)

L. DUQUETTE, *C.O., Clinton Correctional Facility*, *et al.*,

                              Defendants.

APPEARANCES:                                 OF COUNSEL:

HENRY BENITEZ
Plaintiff, *pro se*
95-A-2553
Upstate Correctional Facility
PO Box 2001
309 Bare Hill Rd.
Malone, NY 12953

HON. ANDREW M. CUOMO                        GERALD J. ROCK, ESQ.
Attorney General for the State of New York          Assistant Attorney General
Attorney for the Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE, MAGISTRATE JUDGE**

**DECISION and ORDER**

      Presently before the Court is Defendants' Motion for Sanctions based upon Plaintiff's refusal to participate in his deposition on January 22, 2008. Dkt. No. 169. Defendants seek dismissal of Plaintiff's claims against the recently named Defendants which were to be the subject of the deposition and an order requiring Plaintiff to pay the actual expenses incurred by Defendants. Dkt. No. 169-5 at 3.[1] In the alternative, Defendants seek an order directing Plaintiff to appear for a deposition and advising him that

---

[1] Counsel deposed Plaintiff on January 25, 2006 regarding his claims against the then-identified Defendants. Thereafter, Plaintiff was granted leave to amend his Complaint to identify various "John Doe" Defendants. Dkt. No. 118. As to these Defendants, Plaintiff asserts claims of improper use of excessive force and denial of medical treatment on August 26, 2004. *See* Dkt. No. 119 at ¶¶ 39-40.

a second failure to answer questions will result in dismissal of the amended complaint. *Id*. at 6. Plaintiff has filed papers in opposition. Dkt. No. 175.

Defendants noticed Plaintiff's deposition for 10:00 a.m on January 22, 2008, at Upstate Correctional Facility. Dkt. No. 169, Gerald J. Rock, Esq., Decl., dated Feb. 11, 2008, Ex. B, Notice of Dep., dated Jan. 4, 2008. Defendants' counsel also noticed the deposition of inmate Butler in an unrelated federal court action for that same day. Butler's deposition was noticed for 12:00 pm. Rock Decl., Ex. C, Notice of Dep., dated Jan 4, 2008. Counsel states that he was advised upon his arrival at Upstate that inmate Butler was already present in the deposition room. Dkt. No. 169, Rock Decl. at ¶ 12. Counsel proceeded to depose Butler; the deposition commenced at 10:05 a.m. and concluded at 11:10 a.m. Rock Decl., Ex. D, Butler Dep. Tr., dated Jan. 22, 2008.

Upon the conclusion of Butler's deposition, Plaintiff was brought into the deposition room and sworn in by the Court stenographer at approximately 11:25 a.m. Rock Decl., Ex. E, Benitez Dep.Tr., dated Jan. 22, 2008, at p. 1. Following some introductory remarks by counsel, Plaintiff objected to the delay in starting his deposition. *Id.* at p. 4. Plaintiff stated on the record that he believed the delay was intentional and meant to dissuade plaintiff from testifying, that he had been held in the "bullpen with tight waist chains on," and that he had been threatened by Corrections Officers Bouchey and Soucia with serious harm if he testified. *Id.* at pp. 5-6. Plaintiff indicated to counsel that Officer Bouchey is "here now. He's watching me. He's sitting over there at the desk." *Id*. at p. 7.[2] Plaintiff stated that he feared for his life and would not proceed, and that he would ask the Court for an order directing that the deposition be held at a different correctional facility. *Id*.

Counsel told Plaintiff that the delay in commencing the deposition was due to "some confusion

---

[2] Plaintiff stated that Officer Soucia threatened him earlier in the day when Plaintiff requested and was denied writing paper. Dkt. No. 169-11 at p. 6.

on the part of the people in my office who make arrangements for depositions" which resulted in inmate Butler being present at 10:00 instead of Plaintiff. *Id*. at pp. 4-5. Counsel also told Plaintiff that he was unaware that Plaintiff was in the bullpen and said that he had been informed that Plaintiff was in his cell and would be brought "when it was time." *Id*. at pp. 5-6. Thereafter, the proceeding was concluded. *Id*. at 7-8. This Motion for Sanctions followed.

Defendants claim that Plaintiff's refusal to proceed with his deposition was unjustified and warrants the imposition of sanctions. In support of the Motion, Defendants submitted affidavits from Corrections Officers Bouchey and Soucia. Officer Bouchey states that he was assigned to escort and supervise plaintiff on January 22, 2008. Dkt. No. 169, Corr. Officer A. Bouchey, Aff., dated Feb. 26, 2008, at ¶ 3. Officer Bouchey states that he did not threaten Plaintiff nor did he hear anyone else threaten Plaintiff. *Id*. at ¶ 8. Corrections Officer Soucia states that he was not assigned to escort Plaintiff to the deposition and was not present at the deposition. Officer Soucia could not recall whether he saw Plaintiff on January 22, 2008. Dkt. No. 169, Corr. Officer G. Soucia, Aff., dated Feb. 28, 2008, at ¶ 3. Defendants also provided the affidavit of Corrections Officer J. White, who was also assigned to escort and supervise Plaintiff at his deposition. Officer White denies threatening Plaintiff and states that he did not hear any threats being made to Plaintiff. Dkt. No. 169, Corr. Officer J. White, Aff., dated Feb. 6, 2008, at ¶ 5.

District courts have broad discretion to enforce discovery obligations and have the power to impose such sanctions as are "just." FED. R. CIV. P. 37(d). In limited circumstances, the extreme sanctions of dismissal or default may be proper. *See* Fed. R. Civ. P. 37(b)(2)(C); *United States v. Aldeco*, 917 F.2d 689, 690 (2d Cir. 1990). However, "dismissal with prejudice is a harsh remedy to be used only in extreme situations . . ., and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." *Mercado v. Division of New York State Police*, 989 F.Supp. 521, 524

(S.D.N.Y. 1998) (citations omitted). A single pretrial violation will not ordinarily result in the imposition of a sanction of such finality as dismissal. *See United States v. Aldeco*, 917 F.2d at 690.

Upon due consideration, the Court denies Defendants' Motion for Sanctions. Defendants do not claim that Plaintiff has engaged in a pattern or ongoing course of behavior intended to disrupt or impede this litigation of which this incident was simply one more example. While Plaintiff may well have misperceived the events of January 22, 2008, his deposition was delayed without explanation for approximately one and one-half hours. Moreover, while Corrections Officers White, Soucia, and Bouchey submitted Affidavits denying Plaintiff's claims that he was threatened by them, no effort was made at the time of the deposition to address Plaintiff's concerns, stated on the record under oath, notwithstanding the fact that Officer Bouchey was apparently present or at least in close proximity. *See* Benitez Dep. Tr. at p. 7. While counsel clearly acted within his discretion in concluding the deposition, this was perhaps an occasion where a request for judicial involvement might have resulted in counsel being able to conduct the deposition at that time.

In all events, there is no basis in the record upon which this Court could properly order the dismissal of Plaintiff's claims which were to be the subject of the January 22, 2008 deposition. The Court also declines on the present record to award Defendants' monetary sanctions. Insofar as Defendants seek an order of this Court directing Plaintiff to appear for a re-noticed deposition, the Motion is **denied** without prejudice to renew. Defendants filed a Motion for Summary Judgment on March 21, 2008. Dkt. No. 170. The recently-named Defendants involved in the August 26, 2004 incident (the subject matter of the deposition), seek dismissal of Plaintiff's claims against them for lack of timely service of process. *See* Dkt. No. 170, Mem. of Law at pp. 8-9. If summary judgment is granted, no further discovery will be necessary. If Defendants' Motion for Summary Judgment is denied, Defendants may then seek leave of the Court to schedule a further deposition of Plaintiff. Any such

renewed motion may include a request that Plaintiff be expressly advised regarding the consequences of his failure to testify.  Plaintiff's Request for a Protective Order directing that any re-noticed deposition be conducted at a correctional facility other that Upstate (Dkt. No. 175) is **denied**.

**WHEREFORE**, it is hereby

**ORDERED**, that Defendants' Motion for Sanctions (Dkt. No. 169) is **denied**, and it is further

**ORDERED**, that Plaintiff's Request for a Protective Order (Dkt. No. 175) is **denied**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

Date:   August 21, 2008
        Albany, NY

RANDOLPH F. TREECE
United States Magistrate Judge